

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MICHAEL A. CARDOZO** | **LAW DEPARTMENT** | **GREGORY P. MOUTON, JR.** |
| *Corporation Counsel* | 100 CHURCH STREET | Phone: (212) 676-1307 |
| | NEW YORK, NY 10007 | Fax: (212) 788-9776 |
| | | gmouton@law.nyc.gov |

December 20, 2010

**BY ECF**
Honorable James Orenstein
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re: <u>Kenyatta Thompson v. The City of New York, et al.</u>, 10 CV 4972 (SLT) (JO)

Your Honor:

        I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to handle the defense of the above-referenced matter on behalf of defendant City of New York.  In that capacity, I write with the consent of plaintiff's counsel, Jonathan A. Fink, Esq., to respectfully request an enlargement of time to answer or otherwise respond to the complaint and to propose the following schedule detailed below.  This is the first request for an enlargement of time.

        December 20, 2010: City to send plaintiff 160.50 release.

        January 7, 2011: Plaintiff is to return the signed release to the City.

        February 7, 2011: City is to provide service addresses of the officers involved.

        February 21, 2011: City is to answer or respond to the complaint.

        There are several reasons for seeking this extension.  In the complaint, plaintiff alleges, *inter alia*, that he was falsely arrested and subjected to a strip search.  In order to respond to these allegations, we need to obtain the medical records, police records and any criminal court records, to the extent there are any.  It is our understanding that the police and criminal records are sealed pursuant New York Criminal Procedure Law § 160.50.  Defendant, in accordance with the above schedule, has already sent to plaintiff the requisite releases.  Once plaintiff provides

this office with the necessary consent authorizations, we can access the sealed records and the medical records, properly assess the case and respond to the complaint.

There are no scheduled conferences that will be affected by this proposed extension. Accordingly, it is respectfully requested that the Court grant the City's application to extend its time to answer or otherwise respond to the complaint from today until February 21, 2011.

Moreover, upon information and belief, the Police Officer Charles McDonald has not yet been served. As such, a decision concerning this Office's representation of Officer McDonald has not yet been made, and accordingly, this request for an extension of time is not made on their behalf. However, given the time involved in determining the representation of a police officer once the officer is served, and in the interest of judicial economy, we would hope that the court may, *sua sponte*, extend the time to answer on behalf of all of the named individual police officers and detectives. If service has been effectuated, pursuant to Section 50-k of the New York General Municipal Law, this Office must determine, based on a review of the case, whether we may represent the individual police officer. The police officer must then decide whether he wishes to be represented by this Office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). If so, we must obtain the police officer's written authorization. Only after this procedure has been followed can we determine how to proceed in this case.

In view of the foregoing, it is respectfully requested that the Court grant the within request. Thank you for your consideration herein.

                                                  Respectfully submitted,

                                                  ___/s/_____

                                                  Gregory P. Mouton, Jr. (GM-4379)
                                                  Assistant Corporation Counsel
                                                  Special Federal Litigation Division

cc:

FINK & KATZ, PLLC (VIA ECF)
Attorneys for Plaintiff
40 Exchange Place, Suite 2010
New York, NY  10005