UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x

KENYATTA THOMPSON,

                              Plaintiff,

      -against-

THE CITY OF NEW YORK, POLICE OFFICER
CHARLES MCDONALD, POLICE OFFICER LEWIS
ORTIZ, POLICE OFFICER RICHARD ARROYO,
DETECTIVE RONALD REYNOLDS, DETECTIVE
JENNIFER LAVELLE, SERGEANT DOMENICO
COLAVITO AND NEW YORK CITY POLICE
DEPARTMENT,

                              Defendants.

STIPULATION AND ORDER OF
SETTLEMENT AND
DISCONTINUANCE

10 CV4972 (SLT) (JO)

---------------------------------------------------------------------x

**WHEREAS,** plaintiff commenced this action by filing a complaint on or about October 28, 2010, alleging violations of his constitutional rights; and

**WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

**WHEREAS,** defendant The City of New York served plaintiff with a Rule 68 Offer of Judgment on June 6, 2011;

**WHEREAS,** plaintiff accepted defendant's Rule 68 Offer of Judgment on June 9, 2011;

**WHEREAS,** plaintiff has authorized counsel to settle this matter on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. All claims in the above-referenced action asserted by plaintiff are hereby dismissed, with prejudice, and without costs, expenses, or fees except as specified in paragraphs "2," "3," and "5" below.

2. Defendant City of New York hereby agrees to pay plaintiff the sum of SEVEN THOUSAND FIVE HUNDRED AND ONE DOLLARS ($7,501.00), plus reasonable attorneys' fees, expenses, and costs, up to the date of the Rule 68 Offer, June 6, 2011, in full satisfaction of all claims by plaintiff against defendants. In consideration for the payment of this sum, plaintiff agrees to dismissal of all of the claims brought by him against the defendants The City of New York, Police Officer Charles McDonald, Police Officer Lewis Ortiz, Police Officer Richard Arroyo, Detective Ronald Reynolds, Detective Jennifer Lavelle, and Sergeant Domenico Colavito, and to release all defendants and any present or former employees or agents of the City of New York, or any agency thereof, from any and all liability, claims, or rights of action that were or could have been alleged by plaintiff in this action, including claims for costs, expenses and attorneys' fees.

3. Plaintiff has assigned his rights to attorneys' fees, expenses, and costs to his attorneys, Bromberg Law Office, P.C. and Fink & Katz, PLLC.

4. Plaintiff shall execute and deliver to the defendants' attorney all documents necessary to effect this settlement including, without limitation, a General Release based on the terms of paragraphs "2" and "3" above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, Plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future

anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

5. The City of New York hereby agrees to pay counsel for plaintiff, Bromberg Law Office, P.C. and Fink & Katz, PLLC, reasonable attorneys' fees, expenses, and costs, to be determined at a later date, up to the date of the Offer of Judgment referenced in paragraph "2" above. Counsel for plaintiff hereby agrees and represents that no other claim for attorneys' fees, costs, or expenses arising out of this action shall be made by or on behalf of plaintiff in any application for attorneys' fees, costs, or expenses at any time.

6. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation and Rule 68 Offer and Acceptance shall not be admissible in, nor mentioned in, nor is it related to, any other litigation or settlement negotiations.

7. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

8. Plaintiff agrees to hold harmless defendants regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

9.  This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
10/14/, 2011

FINK & KATZ, PLLC
Attorneys for Plaintiff
40 Exchange Place, Suite 2010
New York, NY  10005
(212) 385-1373

By: _____
Jonathan Fink, Esq.

BROMBERG LAW OFFICE, P.C.
Attorneys for Plaintiff
40 Exchange Place, Suite 2010
New York, NY  10005
(212) 248-7906

By: _____
Brian Bromberg, Esq.

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants
THE CITY OF NEW YORK &
POLICE OFFICER CHARLES MCDONALD
100 Church Street
New York, New York 10007
(212) 676-1307

By: _____
Gregory P. Mouton, Jr.
Assistant Corporation Counsel

SO ORDERED:

_____
HONORABLE SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE